RECEIPT # 57852
AMOUNT $ 150
SUMMONS ISSUED 4
LOCAL RULE 4.1
WAIVER FORM
MCF ISSUED
BY DPTY. CLK.
DATE 8-9-04

UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF MASSACHUSETTS

SHERI SPARKS and
PATRICK SPARKS

    Plaintiffs,

v.

JAMES DAVID ALPERS, M.D.,
DENNIS BEER, M.D.,
JAMES TODD, M.D., and
STEPHEN GAEDHE, M.D

    Defendants.

04-11741 NG

MAGISTRATE JUDGE _____

# COMPLAINT

## JURISDICTION

The United States District Court has jurisdiction over this matter on the basis of diversity of citizenship pursuant to 28 U.S.C., Sections 1332 and 1441 et seq., as the parties are citizens of different states.

## COUNT ONE

1. The Plaintiffs, Sheri M. Sparks and Patrick Sparks are residents of the City of West Hartford, State of Connecticut

2. The Defendant, JAMES DAVID ALPERS, M.D., at all times herein mentioned, was a physician licensed to practice his profession in the Commonwealth of Massachusetts, and maintained his primary business location in Commonwealth of Massachusetts.

1

3.  At all times herein relevant, the Defendant JAMES DAVID ALPERS, M.D., represented and held himself to be a medical doctor, skilled in the treatment of various illnesses and conditions and, in particular, represented to the Plaintiff that she was knowledgeable, competent, and qualified to diagnose and treat the Plaintiff's condition.

4.  On or about August 21, 2001, the Plaintiff submitted himself to the care and treatment of the Defendant JAMES DAVID ALPERS, M.D., who by his negligence, carelessness, and lack of regard of the Plaintiff's health, care and well being, treated the Plaintiff in a manner resulting in severe personal injuries to Sheri Sparks.

5.  The injuries sustained by the Plaintiff, Sheri Sparks, were the direct and proximate result of the carelessness, unskillfulness, negligence and improper care and treatment of the Defendant, including, but not limited to the following:

    a.  Defendant's misrepresentations to the Plaintiff that he was knowledgeable, skillful and competent to diagnose and treat the Plaintiff's medical condition on or about August 21, 2001;

    b.  Defendant's failure to adequately and properly diagnose the Plaintiff's medical condition on or about August 21, 2001, and his failure to prescribe proper and timely treatment for said condition;

    c.  Defendant's failure to recognize, or have the knowledge to recognize his inability to diagnose and treat the Plaintiff, when the Defendant knew or should have known in the exercise of due care, the foreseeable consequences of his inability to properly and skillfully provide the Plaintiff with acceptable medical and diagnostic services;

    d.  Defendant's failure to possess or negligent failure to exercise the same degree of skill, training, and care as is possessed by average qualified members of the medical profession taking into account advances in the profession.

2

  e.  Defendant's failure to inform and to warn of the risks involved in or associated with the Plaintiff's condition and failure to inform and to warn about the treatment of said condition.

6. As a direct and proximate result of the Defendant, JAMES DAVID ALPERS, M.D.'s negligence, carelessness, and unskillfulness, the Plaintiff, Sheri Sparks, was caused to sustain severe and permanent personal injuries; has incurred and will continue to incur great expense for her medical, surgical, and hospital care and treatment; has suffered and will continue to suffer great pain of body and anguish of mind; has been and will continue to be hospitalized; has been and will continue to be unable to pursue normal activities; and her ability to enjoy life has been permanently adversely affected.

WHEREFORE, the Plaintiff, Sheri Sparks demands judgment against the Defendant JAMES DAVID ALPERS, M.D. for the above-described personal injuries, together with interest and costs.

## COUNT TWO

7. The Plaintiff, Sheri Sparks, repeats, realleges, and incorporates fully herein all paragraphs of Count One of this Complaint as if each were set forth here in its entirety.

8. On or about August 21, 2001, average qualified members of the medical profession practicing the Defendant's specialty knew of should have known of the risks, potential consequences and alternatives to the Defendant's choice of treatment of the Plaintiff.

9. On or about August 21, 2001 the Defendant, JAMES DAVID ALPERS, M.D. knew or should have known of the risks, potential consequences and alternatives to the Defendant's choice of treatment of the Plaintiff.

10. On or about August 21, 2001, the Defendant, JAMES DAVID ALPERS, M.D. did not inform the Plaintiff of the alternatives to and risks and potential consequences of the Defendant's choice of treatment of the Plaintiff.

11. If the Defendant, JAMES DAVID ALPERS, M.D. had informed the Plaintiff of the alternatives to and risks and potential consequences of the Defendant's choice of treatment of the Plaintiff, neither the Plaintiff nor a reasonable person in her position would have elected the Defendant's choice of treatment.

12. The alternatives to and the risks and potential consequences of the Defendant's choice of treatment were material to a decision by the Plaintiff and a reasonable person in her position as to whether to undergo the Defendant's choice of treatment.

13. As a direct and proximate result of the Defendant JAMES DAVID ALPERS, M.D.'s failure to inform the Plaintiff of the alternatives to and risks and potential consequences of the Defendant's treatment, the Plaintiff, Sheri Sparks, was caused to sustain severe and permanent personal injuries; has incurred and will continue to incur great expense for his medical, surgical, and hospital care and treatment; has suffered and will continue to suffer great pain of body and anguish of mind; has been and will continue to be hospitalized; has been and will continue to be unable to pursue normal activities; and her ability to enjoy life has been permanently adversely affected.

WHEREFORE, the Plaintiff, Sheri Sparks, demands judgment against the Defendant, JAMES DAVID ALPERS, M.D. for the above- described personal injuries, together with interest and costs.

## COUNT THREE

14. The Plaintiff, Patrick Sparks, repeats, realleges, and incorporates fully herein all paragraphs of Count One and Count Two of this Complaint is if each were set forth here in its entirety.

4

15.  As a direct and proximate result of the Defendants negligence, and failure to obtain informed consent the Plaintiff, Patrick Sparks, has had severely restricted the benefit of the society, companionship, and consortium of her son, all to him great damage.

WHEREFORE, the Plaintiff, Patrick Sparks prays judgment against the Defendant, JAMES DAVID ALPERS, M.D., for the above-described personal injuries, together with interest and costs.

## COUNT FOUR

16.  The Plaintiff , Sheri Sparks, repeats, realleges, and incorporates fully herein all paragraphs of Count One, Count Two, and Count Three of this Complaint is if each were forth in its entirety.

17.  The Defendant, DENNIS BEER, M.D., at all times herein mentioned, was a physician licensed to practice his profession in the Commonwealth of Massachusetts, and maintained his primary business location in  Commonwealth of Massachusetts.

18.  At all times herein relevant, the Defendant DENNIS BEER, M.D., represented and held himself to be a medical doctor, skilled in the treatment of various illnesses and conditions and, in particular, represented to the Plaintiff that she was knowledgeable, competent, and qualified to diagnose and treat the Plaintiff's condition.

19.  On or about August 21, 2001, the Plaintiff submitted himself to the care and treatment of the Defendant DENNIS BEER, M.D., who by his negligence, carelessness, and lack of regard of the Plaintiff's health, care and well being, treated the Plaintiff in a manner resulting in severe personal injuries to Sheri Sparks.

20.  The injuries sustained by the Plaintiff, Sheri Sparks, were the direct and proximate result of the carelessness, unskillfulness, negligence and improper care and treatment of the Defendant, including, but not limited to the following:

    a.    Defendant's misrepresentations to the Plaintiff that he was knowledgeable, skillful and competent to diagnose and treat the Plaintiff's medical condition on or about August 21, 2001;

    b.    Defendant's failure to adequately and properly diagnose the Plaintiff's medical condition on or about August 21, 2001, and his failure to prescribe proper and timely treatment for said condition;

    c.    Defendant's failure to recognize, or have the knowledge to recognize his inability to diagnose and treat the Plaintiff, when the Defendant knew or should have known in the exercise of due care, the foreseeable consequences of his inability to properly and skillfully provide the Plaintiff with acceptable medical and diagnostic services;

    d.    Defendant's failure to possess or negligent failure to exercise the same degree of skill, training, and care as is possessed by average qualified members of the medical profession taking into account advances in the profession.

    e.    Defendant's failure to inform and to warn of the risks involved in or associated with the Plaintiff's condition and failure to inform and to warn about the treatment of said condition.

21    As a direct and proximate result of the Defendant, DENNIS BEER, M.D.'s negligence, carelessness, and unskillfulness, the Plaintiff, Sheri Sparks, was caused to sustain severe and permanent personal injuries; has incurred and will continue to incur great expense for her medical, surgical, and hospital care and treatment; has suffered and will continue to suffer great pain of body and anguish of mind; has been and will continue to be hospitalized; has been and will continue to be unable to pursue normal activities; and her ability to enjoy life has been permanently adversely affected.

6

WHEREFORE, the Plaintiff, Sheri Sparks demands judgment against the Defendant DENNIS BEER, M.D. for the above-described personal injuries, together with interest and costs.

## COUNT FIVE

22. The Plaintiff, Sheri Sparks, repeats, realleges, and incorporates fully herein all paragraphs of Count One, Count Two, Count Three and Count Four of this Complaint as if each were set forth here in its entirety.

23. On or about August 21, 2001, average qualified members of the medical profession practicing the Defendant's specialty knew of should have known of the risks, potential consequences and alternatives to the Defendant's choice of treatment of the Plaintiff.

24. On or about August 21, 2001 the Defendant, DENNIS BEER, M.D. knew or should have known of the risks, potential consequences and alternatives to the Defendant's choice of treatment of the Plaintiff.

25. On or about August 21, 2001, the Defendant, DENNIS BEER, M.D. did not inform the Plaintiff of the alternatives to and risks and potential consequences of the Defendant's choice of treatment of the Plaintiff.

26. If the Defendant, DENNIS BEER, M.D. had informed the Plaintiff of the alternatives to and risks and potential consequences of the Defendant's choice of treatment of the Plaintiff, neither the Plaintiff nor a reasonable person in her position would have elected the Defendant's choice of treatment.

27. The alternatives to and the risks and potential consequences of the Defendant's choice of treatment were material to a decision by the Plaintiff and a reasonable person in her position as to whether to undergo the Defendant's choice of treatment.

28.     As a direct and proximate result of the Defendant DENNIS BEER, M.D.'s failure to inform the Plaintiff of the alternatives to and risks and potential consequences of the Defendant's treatment, the Plaintiff, Sheri Sparks, was caused to sustain severe and permanent personal injuries; has incurred and will continue to incur great expense for his medical, surgical, and hospital care and treatment; has suffered and will continue to suffer great pain of body and anguish of mind; has been and will continue to be hospitalized; has been and will continue to be unable to pursue normal activities; and her ability to enjoy life has been permanently adversely affected.

WHEREFORE, the Plaintiff, Sheri Sparks, demands judgment against the Defendant, DENNIS BEER, M.D. for the above- described personal injuries, together with interest and costs.

## COUNT SIX

29.     The Plaintiff, Patrick Sparks, repeats, realleges, and incorporates fully herein all paragraphs of Count One, Count Two, Count Three, Count Four and Count Five of this Complaint as if each were set forth here in its entirety.

30.     As a direct and proximate result of the Defendants negligence, and failure to obtain informed consent the Plaintiff, Patrick Sparks, has had severely restricted the benefit of the society, companionship, and consortium of her son, all to him great damage.

WHEREFORE, the Plaintiff, Patrick Sparks prays judgment against the Defendant, DENNIS BEER, M.D., for the above-described personal injuries, together with interest and costs.

## COUNT SEVEN

31. The Plaintiff, Sheri Sparks, repeats, realleges, and incorporates fully herein all paragraphs of Count One, Count Two, Count Three, Count Four, Count Five, and Count Six of this Complaint is if each were forth in its entirety.

32. The Defendant, JAMES TODD, M.D., at all times herein mentioned, was a physician licensed to practice his profession in the Commonwealth of Massachusetts, and maintained his primary business location in Commonwealth of Massachusetts.

33. At all times herein relevant, the Defendant JAMES TODD, M.D., represented and held himself to be a medical doctor, skilled in the treatment of various illnesses and conditions and, in particular, represented to the Plaintiff that she was knowledgeable, competent, and qualified to diagnose and treat the Plaintiff's condition.

34. On or about August 21, 2001, the Plaintiff submitted himself to the care and treatment of the Defendant JAMES TODD, M.D., who by his negligence, carelessness, and lack of regard of the Plaintiff's health, care and well being, treated the Plaintiff in a manner resulting in severe personal injuries to Sheri Sparks.

35. The injuries sustained by the Plaintiff, Sheri Sparks, were the direct and proximate result of the carelessness, unskillfulness, negligence and improper care and treatment of the Defendant, including, but not limited to the following:

   a. Defendant's misrepresentations to the Plaintiff that he was knowledgeable, skillful and competent to diagnose and treat the Plaintiff's medical condition on or about August 21, 2001;

   b. Defendant's failure to adequately and properly diagnose the Plaintiff's medical condition on or about August 21, 2001, and his failure to prescribe proper and timely treatment for said condition;

    c.    Defendant's failure to recognize, or have the knowledge to recognize his inability to diagnose and treat the Plaintiff, when the Defendant knew or should have known in the exercise of due care, the foreseeable consequences of his inability to properly and skillfully provide the Plaintiff with acceptable medical and diagnostic services;

    d.    Defendant's failure to possess or negligent failure to exercise the same degree of skill, training, and care as is possessed by average qualified members of the medical profession taking into account advances in the profession.

    e.    Defendant's failure to inform and to warn of the risks involved in or associated with the Plaintiff's condition and failure to in form and to warn about the treatment of said condition.

36. As a direct and proximate result of the Defendant, JAMES TODD, M.D.'s negligence, carelessness, and unskillfulness, the Plaintiff, Sheri Sparks, was caused to sustain severe and permanent personal injuries; has incurred and will continue to incur great expense for her medical, surgical, and hospital care and treatment; has suffered and will continue to suffer great pain of body and anguish of mind; has been and will continue to be hospitalized; has been and will continue to be unable to pursue normal activities; and her ability to enjoy life has been permanently adversely affected.

WHEREFORE, the Plaintiff, Sheri Sparks demands judgment against the Defendant JAMES TODD, M.D. for the above-described personal injuries, together with interest and costs.

## COUNT EIGHT

37. The Plaintiff, Sheri Sparks, repeats, realleges, and incorporates fully herein all paragraphs of Count One, Count Two, Count Three , Count Four, Count Five, Count Six and Count Seven of this Complaint as if each were set forth here in its entirety.

38. On or about August 21, 2001, average qualified members of the medical profession practicing the Defendant's specialty knew of should have known of the risks, potential consequences and alternatives to the Defendant's choice of treatment of the Plaintiff.

39. On or about August 21, 2001 the Defendant, JAMES TODD, M.D. knew or should have known of the risks, potential consequences and alternatives to the Defendant's choice of treatment of the Plaintiff.

40. On or about August 21, 2001, the Defendant, JAMES TODD, M.D. did not inform the Plaintiff of the alternatives to and risks and potential consequences of the Defendant's choice of treatment of the Plaintiff.

41. If the Defendant, JAMES TODD, M.D. had informed the Plaintiff of the alternatives to and risks and potential consequences of the Defendant's choice of treatment of the Plaintiff, neither the Plaintiff nor a reasonable person in her position would have elected the Defendant's choice of treatment.

42. The alternatives to and the risks and potential consequences of the Defendant's choice of treatment were material to a decision by the Plaintiff and a reasonable person in her position as to whether to undergo the Defendant's choice of treatment.

43. As a direct and proximate result of the Defendant, JAMES TODD, M.D.'s failure to inform the Plaintiff of the alternatives to and risks and potential consequences of the Defendant's treatment, the Plaintiff, Sheri Sparks, was caused to sustain severe and permanent personal injuries; has incurred and will continue to incur great expense for his medical, surgical, and hospital care and treatment; has suffered and will continue to suffer great pain of body and anguish of mind; has been and will continue to be hospitalized; has been and will continue to be unable to pursue normal activities; and her ability to enjoy life has been permanently adversely affected.

WHEREFORE, the Plaintiff, Sheri Sparks, demands judgment against the Defendant, JAMES TODD, M.D. for the above- described personal injuries, together with interest and costs.

## COUNT NINE

44. The Plaintiff, Patrick Sparks, repeats, realleges, and incorporates fully herein all paragraphs of Count One, Count Two, Count Three, Count Four, Count Five, Count Six, Count Seven and Count Eight of this Complaint as if each were set forth here in its entirety.

45. As a direct and proximate result of the Defendants negligence, and failure to obtain informed consent the Plaintiff, Patrick Sparks, has had severely restricted the benefit of the society, companionship, and consortium of her son, all to him great damage.

WHEREFORE, the Plaintiff, Patrick Sparks prays judgment against the Defendant, JAMES TODD, M.D., for the above-described personal injuries, together with interest and costs.

## COUNT TEN

46. The Plaintiff, Sheri Sparks, repeats, realleges, and incorporates fully herein all paragraphs of Count One, Count Two, Count Three, Count Four, Count Five, Count Six, Count Seven, Count Eight and Count Nine of this Complaint is if each were forth in its entirety.

47. The Defendant, STEPHEN GAEDHE, M.D., at all times herein mentioned, was a physician licensed to practice his profession in the Commonwealth of Massachusetts, and maintained his primary business location in Commonwealth of Massachusetts.

12

48. At all times herein relevant, the Defendant STEPHEN GAEDHE, M.D., represented and held himself to be a medical doctor, skilled in the treatment of various illnesses and conditions and, in particular, represented to the Plaintiff that she was knowledgeable, competent, and qualified to diagnose and treat the Plaintiff's condition.

49. On or about August 21, 2001, the Plaintiff submitted himself to the care and treatment of the Defendant STEPHEN GAEDHE, M.D., who by his negligence, carelessness, and lack of regard of the Plaintiff's health, care and well being, treated the Plaintiff in a manner resulting in severe personal injuries to Sheri Sparks.

50. The injuries sustained by the Plaintiff, Sheri Sparks, were the direct and proximate result of the carelessness, unskillfulness, negligence and improper care and treatment of the Defendant, including, but not limited to the following:

   a. Defendant's misrepresentations to the Plaintiff that he was knowledgeable, skillful and competent to diagnose and treat the Plaintiff's medical condition on or about August 21, 2001;

   b. Defendant's failure to adequately and properly diagnose the Plaintiff's medical condition on or about August 21, 2001, and his failure to prescribe proper and timely treatment for said condition;

   c. Defendant's failure to recognize, or have the knowledge to recognize his inability to diagnose and treat the Plaintiff, when the Defendant knew or should have known in the exercise of due care, the foreseeable consequences of his inability to properly and skillfully provide the Plaintiff with acceptable medical and diagnostic services;

   d. Defendant's failure to possess or negligent failure to exercise the same degree of skill, training, and care as is possessed by average qualified members of the medical profession taking into account advances in the profession.

  e.  Defendant's failure to inform and to warn of the risks involved in or associated with the Plaintiff's condition and failure to in form and to warn about the treatment of said condition.

51. As a direct and proximate result of the Defendant, STEPHEN GAEDHE, M.D.'s negligence, carelessness, and unskillfulness, the Plaintiff, Sheri Sparks, was caused to sustain severe and permanent personal injuries; has incurred and will continue to incur great expense for her medical, surgical, and hospital care and treatment; has suffered and will continue to suffer great pain of body and anguish of mind; has been and will continue to be hospitalized; has been and will continue to be unable to pursue normal activities; and her ability to enjoy life has been permanently adversely affected.

WHEREFORE, the Plaintiff, Sheri Sparks demands judgment against the Defendant STEPHEN GAEDHE, M.D. for the above-described personal injuries, together with interest and costs.

## COUNT ELEVEN

52. The Plaintiff, Sheri Sparks, repeats, realleges, and incorporates fully herein all paragraphs of Count One, Count Two, Count Three , Count Four, Count Five, Count Six, Count Seven, Count Eight, Count Nine, and Count Ten of this Complaint as if each were set forth here in its entirety.

53. On or about August 21, 2001, average qualified members of the medical profession practicing the Defendant's specialty knew of should have known of the risks, potential consequences and alternatives to the Defendant's choice of treatment of the Plaintiff.

54. On or about August 21, 2001 the Defendant, STEPHEN GAEDHE, M.D. knew or should have known of the risks, potential consequences and alternatives to the Defendant's choice of treatment of the Plaintiff.

55.     On or about August 21, 2001, the Defendant STEPHEN GAEDHE, M.D. did not inform the Plaintiff of the alternatives to and risks and potential consequences of the Defendant's choice of treatment of the Plaintiff.

56.     If the Defendant, STEPHEN GAEDHE, M.D. had informed the Plaintiff of the alternatives to and risks and potential consequences of the Defendant's choice of treatment of the Plaintiff, neither the Plaintiff nor a reasonable person in her position would have elected the Defendant's choice of treatment.

57.     The alternatives to and the risks and potential consequences of the Defendant's choice of treatment were material to a decision by the Plaintiff and a reasonable person in her position as to whether to undergo the Defendant's choice of treatment.

58.     As a direct and proximate result of the Defendant, STEPHEN GAEDHE, M.D.'s failure to inform the Plaintiff of the alternatives to and risks and potential consequences of the Defendant's treatment, the Plaintiff, Sheri Sparks, was caused to sustain severe and permanent personal injuries; has incurred and will continue to incur great expense for his medical, surgical, and hospital care and treatment; has suffered and will continue to suffer great pain of body and anguish of mind; has been and will continue to be hospitalized; has been and will continue to be unable to pursue normal activities; and her ability to enjoy life has been permanently adversely affected.

    WHEREFORE, the Plaintiff, Sheri Sparks, demands judgment against the Defendant, STEPHEN GAEDHE, M.D. for the above- described personal injuries, together with interest and costs.

## COUNT TWELVE

59.     The Plaintiff, Patrick Sparks, repeats, realleges, and incorporates fully herein all paragraphs of Count One, Count Two, Count Three, Count Four, Count Five, Count Six,

Count Seven , Count Eight, Count Nine, Count Ten, and Count Eleven of this Complaint as if each were set forth here in its entirety.

60. As a direct and proximate result of the Defendants negligence, and failure to obtain informed consent the Plaintiff, Patrick Sparks, has had severely restricted the benefit of the society, companionship, and consortium of her son, all to him great damage.

WHEREFORE, the Plaintiff, Patrick Sparks prays judgment against the Defendant, STEPHEN GAEDHE, M.D., for the above-described personal injuries, together with interest and costs.

PLAINTIFFS DEMAND A TRIAL BY JURY ON ALL COUNTS

Kenneth M. Levine, BBO# 296850
Sheila E. Mone, BBO# 634615
KENNETH M. LEVINE & ASSOCIATES
370 Washington Street
Brookline, MA 02446
617-566-2700

DATED : AUGUST 5, 2004

JS 44 (Rev. 3/99)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

**I. (a) PLAINTIFFS**
SHERI SPARKS and
PATRICK SPARKS

**DEFENDANTS** JAMES DAVID ALPERS, MD, DENNIS OBER, MD, JAMES TODD, MD, and STEPHEN GAEDHE

**(b)** County of Residence of First Listed Plaintiff HARTFORD, CT
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed SUFFOLK, MA
(IN U.S. PLAINTIFF CASES ONLY)

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
KENNETH M. LEVINE & ASSOCIATES
370 WASHINGTON STREET
BROOKLINE VILLAGE, MA 02120

Attorneys (If Known)

04-11741 NG

**II. BASIS OF JURISDICTION** (Place an "X" in One Box Only)

- ☐ 1 U.S. Government Plaintiff
- ☐ 2 U.S. Government Defendant
- ☐ 3 Federal Question (U.S. Government Not a Party)
- ☒ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☒ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☒ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. NATURE OF SUIT** (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane / ☒ 362 Personal Injury— | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product   Med. Malpractice | ☐ 625 Drug Related Seizure of Property 21 USC | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument |    Liability / ☐ 365 Personal Injury— | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment | ☐ 320 Assault, Libel &   Product Liability | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
|    & Enforcement of Judgment |    Slander / ☐ 368 Asbestos Personal | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers'   Injury Product | ☐ 660 Occupational | ☐ 840 Trademark | ☐ 810 Selective Service |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) |    Liability    Liability |    Safety/Health | | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 340 Marine / **PERSONAL PROPERTY** | ☐ 690 Other | **LABOR** | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 160 Stockholders' Suits | ☐ 345 Marine Product / ☐ 370 Other Fraud | | ☐ 710 Fair Labor Standards Act | ☐ 891 Agricultural Acts |
| ☐ 190 Other Contract |    Liability / ☐ 371 Truth in Lending | | | ☐ 892 Economic Stabilization Act |
| ☐ 195 Contract Product Liability | ☐ 350 Motor Vehicle / ☐ 380 Other Personal | | **SOCIAL SECURITY** | ☐ 893 Environmental Matters |
| | ☐ 355 Motor Vehicle   Property Damage | | ☐ 861 HIA (1395ff) | ☐ 894 Energy Allocation Act |
|    Product Liability / ☐ 385 Property Damage | | ☐ 862 Black Lung (923) | ☐ 895 Freedom of Information Act |
| | ☐ 360 Other Personal Injury   Product Liability | | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) |  |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 864 SSID Title XVI | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 740 Railway Labor Act | ☐ 865 RSI (405(g)) | |
| ☐ 220 Foreclosure | ☐ 442 Employment |   Habeas Corpus: | | **FEDERAL TAX SUITS** | ☐ 950 Constitutionality of State Statutes |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 890 Other Statutory Actions |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | ☐ 791 Empl. Ret. Inc. Security Act | | |
| ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights | ☐ 540 Mandamus & Other | | ☐ 871 IRS—Third Party 26 USC 7609 | |
| ☐ 290 All Other Real Property | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |

**V. ORIGIN** (PLACE AN "X" IN ONE BOX ONLY)

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write brief statement of cause. Do not cite jurisdictional statutes unless diversity.)

PERSONAL INJURY ARISING OUT OF MEDICAL MALPRACTICE

**VII. REQUESTED IN COMPLAINT:** ☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23   DEMAND $   CHECK YES only if demanded in complaint: JURY DEMAND: ☒ Yes  ☐ No

**VIII. RELATED CASE(S) IF ANY** (See instructions):   JUDGE _____  DOCKET NUMBER _____

DATE 8/6/04
SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**
RECEIPT # _____  AMOUNT _____  APPLYING IFP _____  JUDGE _____  MAG. JUDGE _____

# KENNETH M. LEVINE & ASSOCIATES

ATTORNEYS AT LAW
370 WASHINGTON STREET
BROOKLINE VILLAGE, MASSACHUSETTS 02445
(617) 566-2700
FAX (617) 566-6144

August 6, 2004

United States District Court
Civil Clerk
John J. Moakley US Courthouse
1 Court House Way
Boston, MA 02210

    Re:    SHERI SPARKS and PATRICK SPARKS Plaintiffs, vs. JAMES DAVID ALPERS, M.D., DENNIS BEER, M.D., JAMES TODD, M.D., and STEPHEN GAEDHE, M.D Defendants.

Dear Sir or Madam:

In reference to the above-entitled matter, enclosed please find the following documents to file with the court.

- Civil Action Cover Sheet;
- Plaintiff's Complaint; and
- Filing Fee

Kindly docket and file. Please return cover letter with docket number in the enclosed, stamped envelope to this office.

If you should have any questions or concerns regarding this matter, please feel free to contact this office.

Very truly yours,

Jaya John
Assistant to
Kenneth M. Levine

/enclosures