UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF MASSACHUSETTS

SHERI SPARKS and
PATRICK SPARKS

    Plaintiffs,

v.

JAMES DAVID ALPERS, M.D.,
DENNIS BEER, M.D.,
JAMES TODD, M.D., and
STEPHEN GAEHDE, M.D

    Defendants.

04cv11741 NG

# PLAINTIFF'S FIRST AMENDED COMPLAINT

## JURISDICTION

The United States District Court has jurisdiction over this matter on the basis of diversity of citizenship pursuant to 28 U.S.C., Sections 1332 and 1441 et seq., as the parties are citizens of different states.

## COUNT ONE

1.    The Plaintiffs, Sheri M. Sparks and Patrick Sparks are residents of the City of West Hartford, State of Connecticut

2.    The Defendant, JAMES DAVID ALPERS, M.D., at all times herein mentioned, was a physician licensed to practice his profession in the Commonwealth of Massachusetts, and maintained his primary business location in Commonwealth of Massachusetts.

1

3.   At all times herein relevant, the Defendant JAMES DAVID ALPERS, M.D., represented and held himself to be a medical doctor, skilled in the treatment of various illnesses and conditions and, in particular, represented to the Plaintiff that she was knowledgeable, competent, and qualified to diagnose and treat the Plaintiff's condition.

4.   On or about August 21, 2001, the Plaintiff submitted himself to the care and treatment of the Defendant JAMES DAVID ALPERS, M.D., who by his negligence, carelessness, and lack of regard of the Plaintiff's health, care and well being, treated the Plaintiff in a manner resulting in severe personal injuries to Sheri Sparks.

5.   The injuries sustained by the Plaintiff, Sheri Sparks, were the direct and proximate result of the carelessness, unskillfulness, negligence and improper care and treatment of the Defendant, including, but not limited to the following:

   a.   Defendant's misrepresentations to the Plaintiff that he was knowledgeable, skillful and competent to diagnose and treat the Plaintiff's medical condition on or about August 21, 2001;

   b.   Defendant's failure to adequately and properly diagnose the Plaintiff's medical condition on or about August 21, 2001, and his failure to prescribe proper and timely treatment for said condition;

   c.   Defendant's failure to recognize, or have the knowledge to recognize his inability to diagnose and treat the Plaintiff, when the Defendant knew or should have known in the exercise of due care, the foreseeable consequences of his inability to properly and skillfully provide the Plaintiff with acceptable medical and diagnostic services;

   d.   Defendant's failure to possess or negligent failure to exercise the same degree of skill, training, and care as is possessed by average qualified members of the medical profession taking into account advances in the profession.

  e.  Defendant's failure to inform and to warn of the risks involved in or associated with the Plaintiff's condition and failure to inform and to warn about the treatment of said condition.

6. As a direct and proximate result of the Defendant, JAMES DAVID ALPERS, M.D.'s negligence, carelessness, and unskillfulness, the Plaintiff, Sheri Sparks, was caused to sustain severe and permanent personal injuries; has incurred and will continue to incur great expense for her medical, surgical, and hospital care and treatment; has suffered and will continue to suffer great pain of body and anguish of mind; has been and will continue to be hospitalized; has been and will continue to be unable to pursue normal activities; and her ability to enjoy life has been permanently adversely affected.

  WHEREFORE, the Plaintiff, Sheri Sparks demands judgment against the Defendant JAMES DAVID ALPERS, M.D. for the above-described personal injuries, together with interest and costs.

## COUNT TWO

7. The Plaintiff, Sheri Sparks, repeats, realleges, and incorporates fully herein all paragraphs of Count One of this Complaint as if each were set forth here in its entirety.

8. On or about August 21, 2001, average qualified members of the medical profession practicing the Defendant's specialty knew of should have known of the risks, potential consequences and alternatives to the Defendant's choice of treatment of the Plaintiff.

9. On or about August 21, 2001 the Defendant, JAMES DAVID ALPERS, M.D. knew or should have known of the risks, potential consequences and alternatives to the Defendant's choice of treatment of the Plaintiff.

10. On or about August 21, 2001, the Defendant, JAMES DAVID ALPERS, M.D. did not inform the Plaintiff of the alternatives to and risks and potential consequences of the Defendant's choice of treatment of the Plaintiff.

11. If the Defendant, JAMES DAVID ALPERS, M.D. had informed the Plaintiff of the alternatives to and risks and potential consequences of the Defendant's choice of treatment of the Plaintiff, neither the Plaintiff nor a reasonable person in her position would have elected the Defendant's choice of treatment.

12. The alternatives to and the risks and potential consequences of the Defendant's choice of treatment were material to a decision by the Plaintiff and a reasonable person in her position as to whether to undergo the Defendant's choice of treatment.

13. As a direct and proximate result of the Defendant JAMES DAVID ALPERS, M.D.'s failure to inform the Plaintiff of the alternatives to and risks and potential consequences of the Defendant's treatment, the Plaintiff, Sheri Sparks, was caused to sustain severe and permanent personal injuries; has incurred and will continue to incur great expense for his medical, surgical, and hospital care and treatment; has suffered and will continue to suffer great pain of body and anguish of mind; has been and will continue to be hospitalized; has been and will continue to be unable to pursue normal activities; and her ability to enjoy life has been permanently adversely affected.

WHEREFORE, the Plaintiff, Sheri Sparks, demands judgment against the Defendant, JAMES DAVID ALPERS, M.D. for the above- described personal injuries, together with interest and costs.

## COUNT THREE

14. The Plaintiff, Patrick Sparks, repeats, realleges, and incorporates fully herein all paragraphs of Count One and Count Two of this Complaint is if each were set forth here in its entirety.

4

15. As a direct and proximate result of the Defendants negligence, and failure to obtain informed consent the Plaintiff, Patrick Sparks, has had severely restricted the benefit of the society, companionship, and consortium of her son, all to him great damage.

WHEREFORE, the Plaintiff, Patrick Sparks prays judgment against the Defendant, JAMES DAVID ALPERS, M.D., for the above-described personal injuries, together with interest and costs.

## COUNT FOUR

16. The Plaintiff, Sheri Sparks, repeats, realleges, and incorporates fully herein all paragraphs of Count One, Count Two, and Count Three of this Complaint is if each were forth in its entirety.

17. The Defendant, DENNIS BEER, M.D., at all times herein mentioned, was a physician licensed to practice his profession in the Commonwealth of Massachusetts, and maintained his primary business location in Commonwealth of Massachusetts.

18. At all times herein relevant, the Defendant DENNIS BEER, M.D., represented and held himself to be a medical doctor, skilled in the treatment of various illnesses and conditions and, in particular, represented to the Plaintiff that she was knowledgeable, competent, and qualified to diagnose and treat the Plaintiff's condition.

19. On or about August 21, 2001, the Plaintiff submitted himself to the care and treatment of the Defendant DENNIS BEER, M.D., who by his negligence, carelessness, and lack of regard of the Plaintiff's health, care and well being, treated the Plaintiff in a manner resulting in severe personal injuries to Sheri Sparks.

20. The injuries sustained by the Plaintiff, Sheri Sparks, were the direct and proximate result of the carelessness, unskillfulness, negligence and improper care and treatment of the Defendant, including, but not limited to the following:

a. Defendant's misrepresentations to the Plaintiff that he was knowledgeable, skillful and competent to diagnose and treat the Plaintiff's medical condition on or about August 21, 2001;

b. Defendant's failure to adequately and properly diagnose the Plaintiff's medical condition on or about August 21, 2001, and his failure to prescribe proper and timely treatment for said condition;

c. Defendant's failure to recognize, or have the knowledge to recognize his inability to diagnose and treat the Plaintiff, when the Defendant knew or should have known in the exercise of due care, the foreseeable consequences of his inability to properly and skillfully provide the Plaintiff with acceptable medical and diagnostic services;

d. Defendant's failure to possess or negligent failure to exercise the same degree of skill, training, and care as is possessed by average qualified members of the medical profession taking into account advances in the profession.

e. Defendant's failure to inform and to warn of the risks involved in or associated with the Plaintiff's condition and failure to inform and to warn about the treatment of said condition.

21   As a direct and proximate result of the Defendant, DENNIS BEER, M.D.'s negligence, carelessness, and unskillfulness, the Plaintiff, Sheri Sparks, was caused to sustain severe and permanent personal injuries; has incurred and will continue to incur great expense for her medical, surgical, and hospital care and treatment; has suffered and will continue to suffer great pain of body and anguish of mind; has been and will continue to be hospitalized; has been and will continue to be unable to pursue normal activities; and her ability to enjoy life has been permanently adversely affected.

WHEREFORE, the Plaintiff, Sheri Sparks demands judgment against the Defendant DENNIS BEER, M.D. for the above-described personal injuries, together with interest and costs.

## COUNT FIVE

22. The Plaintiff, Sheri Sparks, repeats, realleges, and incorporates fully herein all paragraphs of Count One, Count Two, Count Three and Count Four of this Complaint as if each were set forth here in its entirety.

23. On or about August 21, 2001, average qualified members of the medical profession practicing the Defendant's specialty knew of should have known of the risks, potential consequences and alternatives to the Defendant's choice of treatment of the Plaintiff.

24. On or about August 21, 2001 the Defendant, DENNIS BEER, M.D. knew or should have known of the risks, potential consequences and alternatives to the Defendant's choice of treatment of the Plaintiff.

25. On or about August 21, 2001, the Defendant, DENNIS BEER, M.D. did not inform the Plaintiff of the alternatives to and risks and potential consequences of the Defendant's choice of treatment of the Plaintiff.

26. If the Defendant, DENNIS BEER, M.D. had informed the Plaintiff of the alternatives to and risks and potential consequences of the Defendant's choice of treatment of the Plaintiff, neither the Plaintiff nor a reasonable person in her position would have elected the Defendant's choice of treatment.

27. The alternatives to and the risks and potential consequences of the Defendant's choice of treatment were material to a decision by the Plaintiff and a reasonable person in her position as to whether to undergo the Defendant's choice of treatment.

28.     As a direct and proximate result of the Defendant DENNIS BEER, M.D.'s failure to inform the Plaintiff of the alternatives to and risks and potential consequences of the Defendant's treatment, the Plaintiff, Sheri Sparks, was caused to sustain severe and permanent personal injuries; has incurred and will continue to incur great expense for his medical, surgical, and hospital care and treatment; has suffered and will continue to suffer great pain of body and anguish of mind; has been and will continue to be hospitalized; has been and will continue to be unable to pursue normal activities; and her ability to enjoy life has been permanently adversely affected.

WHEREFORE, the Plaintiff, Sheri Sparks, demands judgment against the Defendant, DENNIS BEER, M.D. for the above- described personal injuries, together with interest and costs.

## COUNT SIX

29.     The Plaintiff, Patrick Sparks, repeats, realleges, and incorporates fully herein all paragraphs of Count One, Count Two, Count Three, Count Four and Count Five of this Complaint as if each were set forth here in its entirety.

30.     As a direct and proximate result of the Defendants negligence, and failure to obtain informed consent the Plaintiff, Patrick Sparks, has had severely restricted the benefit of the society, companionship, and consortium of her son, all to him great damage.

WHEREFORE, the Plaintiff, Patrick Sparks prays judgment against the Defendant, DENNIS BEER, M.D., for the above-described personal injuries, together with interest and costs.

8

## COUNT SEVEN

31.  The Plaintiff, Sheri Sparks, repeats, realleges, and incorporates fully herein all paragraphs of Count One, Count Two, Count Three, Count Four, Count Five, and Count Six of this Complaint is if each were forth in its entirety.

32.  The Defendant, JAMES TODD, M.D., at all times herein mentioned, was a physician licensed to practice his profession in the Commonwealth of Massachusetts, and maintained his primary business location in Commonwealth of Massachusetts.

33.  At all times herein relevant, the Defendant JAMES TODD, M.D., represented and held himself to be a medical doctor, skilled in the treatment of various illnesses and conditions and, in particular, represented to the Plaintiff that she was knowledgeable, competent, and qualified to diagnose and treat the Plaintiff's condition.

34.  On or about August 21, 2001, the Plaintiff submitted himself to the care and treatment of the Defendant JAMES TODD, M.D., who by his negligence, carelessness, and lack of regard of the Plaintiff's health, care and well being, treated the Plaintiff in a manner resulting in severe personal injuries to Sheri Sparks.

35.  The injuries sustained by the Plaintiff, Sheri Sparks, were the direct and proximate result of the carelessness, unskillfulness, negligence and improper care and treatment of the Defendant, including, but not limited to the following:

   a.  Defendant's misrepresentations to the Plaintiff that he was knowledgeable, skillful and competent to diagnose and treat the Plaintiff's medical condition on or about August 21, 2001;

   b.  Defendant's failure to adequately and properly diagnose the Plaintiff's medical condition on or about August 21, 2001, and his failure to prescribe proper and timely treatment for said condition;

    c.    Defendant's failure to recognize, or have the knowledge to recognize his inability to diagnose and treat the Plaintiff, when the Defendant knew or should have known in the exercise of due care, the foreseeable consequences of his inability to properly and skillfully provide the Plaintiff with acceptable medical and diagnostic services;

    d.    Defendant's failure to possess or negligent failure to exercise the same degree of skill, training, and care as is possessed by average qualified members of the medical profession taking into account advances in the profession.

    e.    Defendant's failure to inform and to warn of the risks involved in or associated with the Plaintiff's condition and failure to in form and to warn about the treatment of said condition.

36. As a direct and proximate result of the Defendant, JAMES TODD, M.D.'s negligence, carelessness, and unskillfulness, the Plaintiff, Sheri Sparks, was caused to sustain severe and permanent personal injuries; has incurred and will continue to incur great expense for her medical, surgical, and hospital care and treatment; has suffered and will continue to suffer great pain of body and anguish of mind; has been and will continue to be hospitalized; has been and will continue to be unable to pursue normal activities; and her ability to enjoy life has been permanently adversely affected.

WHEREFORE, the Plaintiff, Sheri Sparks demands judgment against the Defendant JAMES TODD, M.D. for the above-described personal injuries, together with interest and costs.

## COUNT EIGHT

37. The Plaintiff, Sheri Sparks, repeats, realleges, and incorporates fully herein all paragraphs of Count One, Count Two, Count Three, Count Four, Count Five, Count Six and Count Seven of this Complaint as if each were set forth here in its entirety.

38.     On or about August 21, 2001, average qualified members of the medical profession practicing the Defendant's specialty knew of should have known of the risks, potential consequences and alternatives to the Defendant's choice of treatment of the Plaintiff.

39.     On or about August 21, 2001 the Defendant, JAMES TODD, M.D. knew or should have known of the risks, potential consequences and alternatives to the Defendant's choice of treatment of the Plaintiff.

40.     On or about August 21, 2001, the Defendant, JAMES TODD, M.D. did not inform the Plaintiff of the alternatives to and risks and potential consequences of the Defendant's choice of treatment of the Plaintiff.

41.     If the Defendant, JAMES TODD, M.D. had informed the Plaintiff of the alternatives to and risks and potential consequences of the Defendant's choice of treatment of the Plaintiff, neither the Plaintiff nor a reasonable person in her position would have elected the Defendant's choice of treatment.

42.     The alternatives to and the risks and potential consequences of the Defendant's choice of treatment were material to a decision by the Plaintiff and a reasonable person in her position as to whether to undergo the Defendant's choice of treatment.

43.     As a direct and proximate result of the Defendant, JAMES TODD, M.D.'s failure to inform the Plaintiff of the alternatives to and risks and potential consequences of the Defendant's treatment, the Plaintiff, Sheri Sparks, was caused to sustain severe and permanent personal injuries; has incurred and will continue to incur great expense for his medical, surgical, and hospital care and treatment; has suffered and will continue to suffer great pain of body and anguish of mind; has been and will continue to be hospitalized; has been and will continue to be unable to pursue normal activities; and her ability to enjoy life has been permanently adversely affected.

WHEREFORE, the Plaintiff, Sheri Sparks, demands judgment against the Defendant, JAMES TODD, M.D. for the above- described personal injuries, together with interest and costs.

## COUNT NINE

44. The Plaintiff, Patrick Sparks, repeats, realleges, and incorporates fully herein all paragraphs of Count One, Count Two, Count Three, Count Four, Count Five, Count Six, Count Seven and Count Eight of this Complaint as if each were set forth here in its entirety.

45. As a direct and proximate result of the Defendants negligence, and failure to obtain informed consent the Plaintiff, Patrick Sparks, has had severely restricted the benefit of the society, companionship, and consortium of her son, all to him great damage.

WHEREFORE, the Plaintiff, Patrick Sparks prays judgment against the Defendant, JAMES TODD, M.D., for the above-described personal injuries, together with interest and costs.

## COUNT TEN

46. The Plaintiff , Sheri Sparks, repeats, realleges, and incorporates fully herein all paragraphs of Count One, Count Two, Count Three, Count Four, Count Five, Count Six , Count Seven, Count Eight and Count Nine of this Complaint is if each were forth in its entirety.

47. The Defendant, STEPHEN GAEHDE, M.D., at all times herein mentioned, was a physician licensed to practice his profession in the Commonwealth of Massachusetts, and maintained his primary business location in Commonwealth of Massachusetts.

48.   At all times herein relevant, the Defendant STEPHEN GAEHDE, M.D., represented and held himself to be a medical doctor, skilled in the treatment of various illnesses and conditions and, in particular, represented to the Plaintiff that she was knowledgeable, competent, and qualified to diagnose and treat the Plaintiff's condition.

49.   On or about August 21, 2001, the Plaintiff submitted himself to the care and treatment of the Defendant STEPHEN GAEHDE, M.D., who by his negligence, carelessness, and lack of regard of the Plaintiff's health, care and well being, treated the Plaintiff in a manner resulting in severe personal injuries to Sheri Sparks.

50.   The injuries sustained by the Plaintiff, Sheri Sparks, were the direct and proximate result of the carelessness, unskillfulness, negligence and improper care and treatment of the Defendant, including, but not limited to the following:

   a.   Defendant's misrepresentations to the Plaintiff that he was knowledgeable, skillful and competent to diagnose and treat the Plaintiff's medical condition on or about August 21, 2001;

   b.   Defendant's failure to adequately and properly diagnose the Plaintiff's medical condition on or about August 21, 2001, and his failure to prescribe proper and timely treatment for said condition;

   c.   Defendant's failure to recognize, or have the knowledge to recognize his inability to diagnose and treat the Plaintiff, when the Defendant knew or should have known in the exercise of due care, the foreseeable consequences of his inability to properly and skillfully provide the Plaintiff with acceptable medical and diagnostic services;

   d.   Defendant's failure to possess or negligent failure to exercise the same degree of skill, training, and care as is possessed by average qualified members of the medical profession taking into account advances in the profession.

    e.    Defendant's failure to inform and to warn of the risks involved in or associated with the Plaintiff's condition and failure to in form and to warn about the treatment of said condition.

51. As a direct and proximate result of the Defendant, STEPHEN GAEHDE, M.D.'s negligence, carelessness, and unskillfulness, the Plaintiff, Sheri Sparks, was caused to sustain severe and permanent personal injuries; has incurred and will continue to incur great expense for her medical, surgical, and hospital care and treatment; has suffered and will continue to suffer great pain of body and anguish of mind; has been and will continue to be hospitalized; has been and will continue to be unable to pursue normal activities; and her ability to enjoy life has been permanently adversely affected.

WHEREFORE, the Plaintiff, Sheri Sparks demands judgment against the Defendant STEPHEN GAEHDE, M.D. for the above-described personal injuries, together with interest and costs.

## COUNT ELEVEN

52. The Plaintiff, Sheri Sparks, repeats, realleges, and incorporates fully herein all paragraphs of Count One, Count Two, Count Three , Count Four, Count Five, Count Six, Count Seven, Count Eight, Count Nine, and Count Ten of this Complaint as if each were set forth here in its entirety.

53. On or about August 21, 2001, average qualified members of the medical profession practicing the Defendant's specialty knew of should have known of the risks, potential consequences and alternatives to the Defendant's choice of treatment of the Plaintiff.

54. On or about August 21, 2001 the Defendant, STEPHEN GAEHDE, M.D. knew or should have known of the risks, potential consequences and alternatives to the Defendant's choice of treatment of the Plaintiff.

55. On or about August 21, 2001, the Defendant STEPHEN GAEHDE, M.D. did not inform the Plaintiff of the alternatives to and risks and potential consequences of the Defendant's choice of treatment of the Plaintiff.

56. If the Defendant, STEPHEN GAEHDE, M.D. had informed the Plaintiff of the alternatives to and risks and potential consequences of the Defendant's choice of treatment of the Plaintiff, neither the Plaintiff nor a reasonable person in her position would have elected the Defendant's choice of treatment.

57. The alternatives to and the risks and potential consequences of the Defendant's choice of treatment were material to a decision by the Plaintiff and a reasonable person in her position as to whether to undergo the Defendant's choice of treatment.

58. As a direct and proximate result of the Defendant, STEPHEN GAEHDE, M.D.'s failure to inform the Plaintiff of the alternatives to and risks and potential consequences of the Defendant's treatment, the Plaintiff, Sheri Sparks, was caused to sustain severe and permanent personal injuries; has incurred and will continue to incur great expense for his medical, surgical, and hospital care and treatment; has suffered and will continue to suffer great pain of body and anguish of mind; has been and will continue to be hospitalized; has been and will continue to be unable to pursue normal activities; and her ability to enjoy life has been permanently adversely affected.

WHEREFORE, the Plaintiff, Sheri Sparks, demands judgment against the Defendant, STEPHEN GAEHDE, M.D. for the above- described personal injuries, together with interest and costs.

## COUNT TWELVE

59. The Plaintiff, Patrick Sparks, repeats, realleges, and incorporates fully herein all paragraphs of Count One, Count Two, Count Three, Count Four, Count Five, Count Six, Count Seven , Count Eight, Count Nine, Count Ten, and Count Eleven of this Complaint as if each were set forth here in its entirety.

60. As a direct and proximate result of the Defendants negligence, and failure to obtain informed consent the Plaintiff, Patrick Sparks, has had severely restricted the benefit of the society, companionship, and consortium of her son, all to him great damage.

WHEREFORE, the Plaintiff, Patrick Sparks prays judgment against the Defendant, STEPHEN GAEHDE, M.D., for the above-described personal injuries, together with interest and costs.

PLAINTIFFS DEMAND A TRIAL BY JURY ON ALL COUNTS

Kenneth M. Levine, BBO# 296850
Sheila E. Mone, BBO# 634615
KENNETH M. LEVINE & ASSOCIATES
370 Washington Street
Brookline, MA 02446
617-566-2700

DATED : AUGUST 12, 2004