UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

DOCKET NO. 04-11741 NG

_____
SHERI SPARKS and                )
PATRICK SPARKS                  )
                                )
Plaintiffs,                     )
                                )
v.                              )
                                )
JAMES DAVID ALPERS, M.D.,       )
DENNIS BEER, M.D.,              )
JAMES TODD, M.D., and           )
STEPHEN GAEHDE, M.D.            )
_____)

## ANSWER OF THE DEFENDANT, JAMES TODD, M.D., TO THE PLAINTIFF'S FIRST AMENDED COMPLAINT

### Jurisdiction

The defendant is without sufficient knowledge or information to form a belief as to the diversity of citizenship among the parties. However, the defendant denies this Court's jurisdiction on the grounds that plaintiff has failed to plead an amount-in-controversy exceeding $75,000 as required by 28 U.S.C. §1332.

### Counts I through VI

1-30.   The allegation of paragraphs 1 through 30 concern defendants other than Dr. Todd, and therefore no answers are required. However, to the extent that the allegations of these paragraphs may imply liability on the part of Dr. Todd, he denies them.

### Count VII

31.   The defendant repeats his responses in paragraphs 1 through 30, and hereby incorporates them by reference.

32.   The defendant admits the allegations of paragraph 32.

33.   The defendant admits that he was knowledgeable, competent, qualified, and licensed to provide care in the specialties of cardiology and internal medicine. The defendant denies the remaining allegations of paragraph 33.

34. The defendant denies the allegations of paragraph 34.

35. The defendant denies the allegations of paragraph 35.

36. The defendant denies the allegations of paragraph 36.

## Count VIII

37. The defendant repeats his responses to all paragraphs contained in Counts I through VII and hereby incorporates them by reference.

38. The defendant is without sufficient knowledge or information to form a belief as to the allegations of paragraph 38.

39. The defendant admits the allegations of paragraph 39.

40. The defendant denies the allegations of paragraph 40.

41. The defendant denies the allegations of paragraph 41.

42. The defendant denies the allegations of paragraph 42.

43. The defendant denies the allegations of paragraph 43.

## Count IX

44. The defendant repeats his responses to all paragraphs contained in Count I through XIII, and hereby incorporates them by reference.

45. To the extent that this paragraph makes allegations against this defendant, the defendant denies them. With respect to the allegations against other defendants no answer is required.

## Count X through XII

46-60. The allegation of paragraphs 1 through 30 concern defendants other than Dr. Todd, and therefore no answers are required. However, to the extent that the allegations of these paragraphs may imply liability on the part of Dr. Todd, he denies them.

## FIRST DEFENSE

The Complaint fails to state a claim against the defendant upon which relief can be granted.

## SECOND DEFENSE

The defendant says that if the plaintiff suffered injuries or damage, as alleged, such injuries or damage were caused by someone for whose conduct this defendant was not and is not legally responsible.

## THIRD DEFENSE

Pursuant to M.G.L. c. 231, §60B, it is requested that a tribunal be convened within fifteen (15) days to afford the plaintiff an opportunity to present an offer of proof and substantiating evidence sufficient to raise a legitimate question of liability appropriate for judicial inquiry.

## FOURTH DEFENSE

Pursuant to Fed.R.Civ.P. 12(b)(1), this court lacks jurisdiction over the subject matter and this action should be dismissed.

## FIFTH DEFENSE

Pursuant to Fed.R.Civ.P. 12(b)(2), this court lacks jurisdiction over the parties and this action should be dismissed.

## SIXTH DEFENSE

The negligence of the plaintiff contributed to her injuries, and recovery in this action should be barred or diminished in accordance with the provisions of Massachusetts General Laws c. 231, Sec. 85.

## SEVENTH DEFENSE

The defendant says that the plaintiff's action was not commenced within the time specified by the General Laws of the Commonwealth, and therefore, the plaintiff is barred from recovery.

## EIGHTH DEFENSE

The defendant says that the amount of recovery for alleged conscious pain and suffering, if any, is limited to $500,000 by the provisions set forth in Massachusetts General Laws c. 231, Sec. 60H.

## NINTH DEFENSE

The defendant says that the plaintiff's recovery for past and future medical expenses is limited pursuant to the provisions of Massachusetts General Laws c. 231, Sec. 60G.

## **TENTH DEFENSE**

The defendant says that the plaintiff has failed to effectuate service on the proper party.

**THE DEFENDANT DEMANDS A TRIAL BY JURY OF ALL OF THE ISSUES.**

WHEREFORE, the defendant demands that the plaintiff's Complaint be dismissed and that judgment thereon be entered in favor of the defendant, together with costs.

The Defendant,
**James Todd, M.D.,**
By his attorneys,

/s Brooks A. Ames
Douglas A. Morgan, BBO #557653
Brooks A. Ames, BBO #641192
**RINDLER•MORGAN, P.C.**
133 Portland Street, Suite 500
Boston, MA 02114
(617) 973-0660

Dated: