UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 04-11741NG

| | |
|---|---|
| SHERI SPARKS and PATRICK SPARKS <br><br> Plaintiffs, <br><br> v. <br><br> JAMES DAVID ALPERS, M.D., <br> DENNIS BEER, M.D., <br> JAMES TODD, M.D., and <br> STEPHEN GAEHDE, M.D. <br><br> Defendants. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

## ANSWER OF THE DEFENDANT, STEPHEN GAEHDE, M.D., TO THE PLAINTIFFS' FIRST AMENDED COMPLAINT

### JURISDICTION

The allegations set forth in this paragraph of the Plaintiffs' Complaint contain legal conclusions to which the defendant need not reply. In the event that these allegations are construed to require a response, the defendant denies the same.

### COUNT ONE – JAMES DAVID ALPERS, M.D.

1.  Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 1 of the Plaintiffs' Complaint, and therefore calls upon Plaintiffs to prove the same.

2.  The allegations set forth in paragraph 2 of the Plaintiffs' Complaint do not pertain to this defendant, and therefore, no answer is required. To the extent that the defendant is deemed required to respond to this paragraph, Defendant denies the same.

3-6.  The allegations set forth in paragraphs 3 through 6 (and subparts thereof) of the Plaintiffs' Complaint do not pertain to this defendant, and therefore, no answer is

required. To the extent that the defendant is deemed required to respond to these paragraphs, Defendant denies the same.

WHEREFORE, the defendant denies that the plaintiffs are entitled to any relief whatsoever as to this defendant.

### COUNT TWO – JAMES DAVID ALPERS, M.D.

7. Defendant repeats and reavers herein his answers to all preceding paragraphs of the Plaintiffs' Complaint as if each were set forth here in its entirety.

8. Defendant admits that, at all relevant times, he possessed the requisite skill, knowledge and learning of the average, qualified physician practicing his specialty, taking into account the advances in the profession and the resources available to him at the times. The defendant denies the remaining allegations contained in paragraph 8 of the Plaintiffs' Complaint.

9-13. The allegations set forth in paragraphs 9 through 13 of the Plaintiffs' Complaint do not pertain to this defendant, and therefore, no answer is required. To the extent that the defendant is deemed required to respond to these paragraphs, Defendant denies the same.

WHEREFORE, the defendant denies that the plaintiffs are entitled to any relief whatsoever as to this defendant.

### COUNT THREE – JAMES DAVID ALPERS, M.D.

14. Defendant repeats and reavers herein his answers to all preceding paragraphs of the Plaintiffs' Complaint as if each were set forth in its entirety.

15. The allegations set forth in paragraph 15 of the Plaintiffs' Complaint do not pertain to this defendant, and therefore, no answer is required. To the extent that the defendant is deemed required to respond to this paragraph, Defendant denies the same.

WHEREFORE, the defendant denies that the plaintiffs are entitled to any relief whatsoever as to this defendant.

### COUNT FOUR – DENNIS BEER, M.D.

16. Defendant repeats and reavers herein his answers to all preceding paragraphs of the Plaintiffs' Complaint as if each were set forth in its entirety.

17-21. The allegations set forth in paragraphs 17 through 21 (and subparts thereof) of the Plaintiffs' Complaint do not pertain to this defendant, and therefore, no answer is

required. To the extent that the defendant is deemed required to respond to these paragraphs, Defendant denies the same.

WHEREFORE, the defendant denies that the plaintiffs are entitled to any relief whatsoever as to this defendant.

## COUNT FIVE – DENNIS BEER, M.D.

22. Defendant repeats and reavers herein his answers to all preceding paragraphs of the Plaintiffs' Complaint as if each were set forth in its entirety.

23. Defendant admits that, at all relevant times, he possessed the requisite skill, knowledge and learning of the average, qualified physician practicing his specialty, taking into account the advances in the profession and the resources available to him at the times. The defendant denies the remaining allegations contained in paragraph 23 of the Plaintiffs' Complaint.

24-28. The allegations set forth in paragraphs 24 through 28 of Count Five of the Plaintiffs' Complaint do not pertain to this defendant, and therefore, no answer is required. To the extent that the defendant is deemed required to respond to these paragraphs, Defendant denies the same.

WHEREFORE, the defendant denies that the plaintiffs are entitled to any relief whatsoever as to this defendant.

## COUNT SIX – DENNIS BEER, M.D.

29. Defendant repeats and reavers herein his answers to all preceding paragraphs of the Plaintiffs' Complaint as if each were set forth in its entirety.

30. The allegations set forth in paragraph 30 of the Plaintiffs' Complaint do not pertain to this defendant, and therefore, no answer is required. To the extent that the defendant is deemed required to respond to this paragraph, Defendant denies the same.

WHEREFORE, the defendant denies that the plaintiffs are entitled to any relief whatsoever as to this defendant.

## COUNT SEVEN – JAMES TODD, M.D.

31. Defendant repeats and reavers herein his answers to all preceding paragraphs of the Plaintiffs' Complaint as if each were set forth in its entirety.

32-36. The allegations set forth in paragraphs 32 through 36 (and subparts thereof) of the Plaintiffs' Complaint do not pertain to this defendant, and therefore, no answer is

required. To the extent that the defendant is deemed required to respond to these paragraphs, Defendant denies the same.

WHEREFORE, the defendant denies that the plaintiffs are entitled to any relief whatsoever as to this defendant.

### COUNT EIGHT – JAMES TODD, M.D.

37. Defendant repeats and reavers herein his answers to all preceding paragraphs of the Plaintiffs' Complaint as if each were set forth in its entirety.

38. Defendant admits that, at all relevant times, he possessed the requisite skill, knowledge and learning of the average, qualified physician practicing his specialty, taking into account the advances in the profession and the resources available to him at the times. The defendant denies the remaining allegations contained in paragraph 38 of the Plaintiffs' Complaint.

39-43. The allegations set forth in paragraphs 39 through 43 of the Plaintiffs' Complaint do not pertain to this defendant, and therefore, no answer is required. To the extent that the defendant is deemed required to respond to these paragraphs, Defendant denies the same.

WHEREFORE, the defendant denies that the plaintiffs are entitled to any relief whatsoever as to this defendant.

### COUNT NINE – JAMES TODD, M.D.

44. Defendant repeats and reavers herein his answers to all preceding paragraphs of the Plaintiffs' Complaint as if each were set forth in its entirety.

45. The allegations set forth in paragraph 45 of the Plaintiffs' Complaint do not pertain to this defendant, and therefore, no answer is required. To the extent that the defendant is deemed required to respond to this paragraph, Defendant denies the same.

WHEREFORE, the defendant denies that the plaintiffs are entitled to any relief whatsoever as to this defendant.

### COUNT TEN – STEPHEN GAEHDE, M.D.

46. Defendant repeats and reavers herein his answers to all preceding paragraphs of the Plaintiffs' Complaint as if each were set forth in its entirety.

47. Defendant admits that at all relevant times he was a physician duly licensed to practice his profession in the Commonwealth of Massachusetts, and that he maintained his primary business location in the Commonwealth of Massachusetts.

48. Defendant admits that, at all times, he possessed the requisite skill, knowledge and learning of the average, qualified physician practicing his specialty, taking into account the advances in the profession and resources available to him at the time. Defendant denies the remaining allegations contained in paragraph 48 of the Plaintiffs' Complaint.

49. Defendant admits that he treated the plaintiff and asserts that he conformed to the standard of care at all times. Defendant denies the remaining allegations set forth in paragraph 49 of the Plaintiffs' Complaint.

50. Defendant denies the allegations set forth in paragraph 50 (and subparts thereof) of the Plaintiffs' Complaint.

51. Defendant denies the allegations set forth in paragraph 51 of the Plaintiffs' Complaint.

WHEREFORE, the defendant denies that the plaintiffs are entitled to any relief whatsoever as to this defendant.

## COUNT ELEVEN – STEPHEN GAEHDE, M.D.

52. Defendant repeats and reavers herein his answers to all preceding paragraphs of the plaintiffs' complaint as if each were set forth in its entirety.

53. Defendant admits that, at all relevant times, he possessed the requisite skill, knowledge and learning of the average, qualified physician practicing his specialty, taking into account the advances in the profession and the resources available to him at the times. The defendant denies the remaining allegations contained in paragraph 53 of the Plaintiffs' Complaint.

54. Defendant admits that, at all relevant times, he possessed the requisite skill, knowledge and learning of the average, qualified physician practicing his specialty, taking into account the advances in the profession and the resources available to him at the times. The defendant denies the remaining allegations contained in paragraph 54 of the Plaintiffs' Complaint.

55. Defendant denies the allegations set forth in paragraph 55 of the Plaintiffs' Complaint.

56. Defendant denies the allegations set forth in paragraph 56 of the Plaintiffs' Complaint.

57. Defendant denies the allegations set forth in paragraph 57 of the Plaintiffs' Complaint

58. Defendant denies the allegations set forth in paragraph 58 of the Plaintiffs' Complaint.

WHEREFORE, the defendant denies that the plaintiffs are entitled to any relief whatsoever as to this defendant.

### COUNT TWELVE – STEPHEN GAEHDE, M.D.

59. Defendant repeats and reavers herein his answers to all preceding paragraphs of the Plaintiffs' Complaint as if each were set forth in its entirety.

60. Defendant denies the allegations set forth in paragraph 60 of the Plaintiffs' Complaint.

WHEREFORE, the defendant denies that the plaintiffs are entitled to any relief whatsoever as to this defendant.

Having denied each and every allegation of the Plaintiffs' Complaint not specifically admitted above, Defendant by way of affirmative defenses states and avers as follows:

### FIRST AFFIRMATIVE DEFENSE

The Plaintiffs' Complaint, and each count thereof, fails to state a claim upon which relief can be granted and thus said Complaint and counts should be dismissed pursuant to Fed. R. Civ. P. 12(b)(6).

### SECOND AFFIRMATIVE DEFENSE

There is a lack of jurisdiction over the subject matter as there is no diversity of citizenship and/or there is no valid claim for jurisdiction under 42 U.S.C. § 1395dd, such that the Complaint must be dismissed pursuant to Fed. R. Civ. P. 12 (b)(1).

### THIRD AFFIRMATIVE DEFENSE

There is a lack of jurisdiction over the person of this defendant pursuant to Fed. R. Civ. P. 12 (b)(2).

### FOURTH AFFIRMATIVE DEFENSE

There is improper venue pursuant to Fed. R. Civ. P. 12 (b) (3).

### FIFTH AFFIRMATIVE DEFENSE

The Defendant states that the negligence of each plaintiff was greater than the alleged negligence of the defendant, and that such negligence of the plaintiff contributed to the alleged injury, and therefore, the plaintiffs are barred from recovery under M.G.L. c. 231 § 85.

## SIXTH AFFIRMATIVE DEFENSE

The Defendant states that each plaintiff was guilty of contributory negligence and that the damages, if any, recovered by the plaintiffs should be reduced in proportion to the negligence of the plaintiffs in accordance with M.G.L. c. 231 § 85.

## SEVENTH AFFIRMATIVE DEFENSE

The Defendant states that the amount of the recovery for alleged conscious pain and suffering, if any, is limited by the provisions set forth in M.G.L. c. 231 § 60H.

## EIGHTH AFFIRMATIVE DEFENSE

The Defendant states that the Plaintiffs' recovery for past and future medical expenses is limited pursuant to the provisions set forth in M.G.L. c. 231 § 60G.

## NINTH AFFIRMATIVE DEFENSE

Pursuant to M.G.L. c. 231 § 60B, it is requested that a tribunal be convened within fifteen days to afford the plaintiffs an opportunity to present an offer of proof and substantiating evidence sufficient to raise a legitimate question of liability appropriate for judicial inquiry.

## TENTH AFFIRMATIVE DEFENSE

The Defendant states that the action is barred by the applicable statute of limitations.

**DEFENDANT REQUESTS TRIAL BY JURY ON ALL ISSUES SO TRIABLE.**

The Defendant,
STEPHEN GAEHDE, M.D.,
By his Attorney,

_____
A. Bernard Guekguezian, BBO#559191
Adler, Cohen, Harvey, Wakeman
& Guekguezian, LLP
230 Congress Street, 10th Floor
Boston, MA 02110
(617) 423-6674

**CERTIFICATE OF SERVICE**
I hereby certify that a true copy of the above document was served upon the attorney of record for each other party by mail-hand on _____

7