## COMMONWEALTH OF MASSACHUSETTS

|  |  |
|---|---|
| SHERI SPARKS and PATRICK SPARKS,<br><br>             Plaintiffs,<br>v.<br><br><br>JAMES DAVID ALPERS, M.D.,<br>DENNIS BEER, M.D.,<br>JAMES TODD, M.D., and<br>STEPHEN GAEHDE, M.D.<br><br>             Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**REQUEST FOR TRIBUNAL BY THE DEFENDANT,
STEPHEN GAEHDE, M.D.
PURSUANT TO M.G.L., CHAPTER 231, §60B**

The defendant, Stephen Gaehde, M.D., hereby moves this Honorable Court to convene a Medical Malpractice Tribunal pursuant to M.G.L., Chapter 231, Section 60B, and states in support of this Motion the following:

1. This is an action that includes allegations of malpractice, mistake or error against a provider of health care;

2. The Complaint includes allegations of negligence;

3. The defendant is entitled by statute to a Tribunal hearing on the allegations that relate to its actions as a health care provider;

4. The defendant is a provider of medical and health care services to patients as defined in M.G.L. c. 231, § 60B;

5. Therefore, a physician specializing in emergency medicine is required to serve as the medical member of the tribunal; and

6. The defendant was rendering care as a physician specializing in emergency medicine in Middlesex County at the time of the events that form the basis of the Plaintiffs' Complaint.

        The Defendant,
        Stephen Gaehde, M.D.
        By his Attorney,

        _____
        A. Bernard Guekguezian, BBO #559191
        Adler, Cohen, Harvey, Wakeman & Guekguezian, LLP
        230 Congress Street, 10th Floor
        Boston, MA 02110
        (617) 423-6674

**CERTIFICATE OF SERVICE**
I hereby certify that a true copy of the above document was served upon the attorney of record for each other party by mail-hand on _____

UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 04-11741NG

| | |
|---|---|
| SHERI SPARKS and PATRICK SPARKS, | ) |
| Plaintiffs, | ) ) ) |
| v. | ) ) |
| JAMES DAVID ALPERS, M.D., DENNIS BEER, M.D., JAMES TODD, M.D., and STEPHEN GAEHDE, M.D. | ) ) ) ) ) |
| Defendants. | ) ) |

## MOTION OF DEFENDANT STEPHEN GAEHDE, M.D. FOR REFERRAL TO SUPERIOR COURT FOR THE PURPOSE OF A MEDICAL MALPRACTICE TRIBUNAL PURSUANT TO MASS. GEN. LAW CH. 231 § 60 B

### I. Introduction

The Defendant, Stephen Gaehde, M.D., requests that the federal District Court of Massachusetts refer this matter to the Trial Court of the Commonwealth of Massachusetts, Superior Court Department, for the limited purpose of convening a medical malpractice tribunal pursuant to M.G.L. c. 231, § 60B. In support of his motion, the Defendant states the following:

### II. Background

The Plaintiffs in this case, Sheri Sparks and Patrick Sparks ("Plaintiffs"), have brought an action against Defendant Stephen Gaehde, M.D. ("Defendant"). Plaintiff Sheri Sparks alleges

that the Defendant's negligence and failure to obtain informed consent in connection with her medical treatment resulted in personal injuries. Plaintiff Patrick Sparks alleges that the Defendant's negligence and failure to obtain informed consent in connection with Sheri Sparks' medical treatment resulted in his loss of consortium.

### III. Argument

#### A. **Defendant Has a State Statutory Right to a Medical Malpractice Tribunal**

Pursuant to M.G.L. c. 231, § 60B, "[e]very action for malpractice, error or mistake against a provider of health care *shall* be heard by a tribunal consisting of a single justice of the superior court, a physician licensed to practice medicine in the commonwealth…and an attorney authorized to practice law in the commonwealth…" (emphasis added). The Supreme Judicial Court has interpreted this language to signify that "all treatment-related claims were meant to be referred to a malpractice tribunal." Little v. Rosenthal, 376 Mass. 573, 576 (1978). See also Lubanes v. George, 386 Mass. 320, 324-325 (1982). The statute also states that the tribunal "shall determine if the evidence presented if properly substantiated is sufficient to raise a question of liability appropriate for judicial inquiry or whether the plaintiff's case is merely an unfortunate medical result." The legislature has therefore clearly mandated that every medical malpractice case *must* be reviewed by a tribunal as defined in M.G.L. c. 231, § 60B. There is no exception. Austin v. Boston Univ. Hosp., 372 Mass. 654, 660; Little, 376 Mass. at 576. Thus, if a medical malpractice case is entered in the United States District Court in Massachusetts, the case must be transferred to the Superior Court for consideration by a medical tribunal.

Here, the Plaintiffs' Complaint alleges that the "carelessness, unskillfulness, negligence and improper care and treatment of the Defendant" resulted in "severe and permanent personal injuries." See Plaintiffs' Complaint, ¶¶ 50, 51. Therefore, based upon the allegations set forth in the Plaintiffs' Complaint, this is clearly a claim for malpractice against a health care provider. Under such circumstances, the defendant is entitled to a medical malpractice tribunal mandated by M.G.L. c. 231, § 60B for cases involving claims of medical malpractice.

### B. Conclusion

The defendant has a statutory right to a medical malpractice tribunal. The plaintiffs have alleged negligent medical care and treatment against a health care provider. Consistent with the precedent of this court, this case should therefore be referred to the Trial Court of the Commonwealth of Massachusetts, Superior Court Department, for the limited purpose of the statutory medical malpractice tribunal.

For the Defendant,
STEPHEN GAEHDE, M.D.
By his Attorney,

_____
A. Bernard Guekguezian
BBO #559191
Adler, Cohen, Harvey, Wakeman
& Guekguezian, LLP
230 Congress Street, Tenth Floor
Boston, MA 02110
(617) 423-6674

**CERTIFICATE OF SERVICE**
I hereby certify that a true copy of the above document was served upon the attorney of record for each other party by mail-hand on _____

3