UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF MASSACHUSETTS

DOCKET NO. 04-11741 NG

_____
SHERI SPARKS and            )
PATRICK SPARKS              )
                            )
Plaintiffs,                 )
                            )
v.                          )
                            )
JAMES DAVID ALPERS, M.D.,   )
DENNIS BEER, M.D.,          )
JAMES TODD, M.D., and       )
STEPHEN GAEHDE, M.D.        )
_____)

**MOTION TO DISMISS ON BEHALF OF DEFENDANT, JAMES TODD, M.D., AND FOR ENTRY OF SEPARATE AND FINAL JUDGMENT**

Now come the defendant, James Todd, M.D, by and through his attorneys, Rindler · Morgan, and herein move this Honorable Court to dismiss the plaintiff's complaint with prejudice and to enter a final judgment pursuant to Fed. R. Civ. P. 54(b) and M.G.L. c. 231 §60B.

1. The instant case sounds in medical malpractice and was filed on or about August 9, 2004, and an amended complaint was filed on August 13, 2004.

2. The complaint was served on the defendant, James Todd, M.D., on August 20, 2004, alleging medical negligence.

3. On September 9, 2004, Dr. Todd answered the plaintiff's amended complaint denying all of the allegations, and on October 4, 2004, requested that the case be transferred to Middlesex Superior Court for a medical malpractice tribunal hearing, pursuant to M.G.L. c. 231, §60B.

4. On July 28, 2005, a tribunal was convened with the Honorable Smith, J. presiding, in the Commonwealth of Massachusetts, Middlesex Superior Court, to hear the plaintiff's offer of proof.

5. The plaintiff neither appeared for the tribunal nor presented an offer of proof.  Accordingly, on August 1, 2005, the tribunal panel determined that the plaintiff failed to present sufficient evidence to raise a legitimate question of liability appropriate for judicial inquiry, and entered a finding on behalf of Dr. Todd.  See Exhibit A.

6. The Court additionally increased the tribunal bond from $6,000 to $12,000, after motion by co-defendant Dr. Stephen Gaehde to which Dr. Todd verbally joined in the motion.  See Exhibit B.

7. M. G. L. c. 231, § 60B, states in pertinent part that,

> If a finding is made for the defendant or defendants in the case, the plaintiff may pursue the claim through the usual judicial process only upon filing the bond in the amount of $6,000 . . . if said bond is not posted within thirty days of the tribunal's finding, the action shall be dismissed.

M. G. L. c. 231, § 60B (emphasis added).

8. More than thirty days has elapsed since August 1, 2005, without the plaintiff posting bond or moving to reduce the amount of the bond.

9. The District Court may rule on post tribunal proceedings, such as a motion to dismiss the complaint for failure to post the requisite bond.  "The Rules of Decision Act [28 U.S.C. § 1652] requires the federal courts to apply the state rules [M.G.L. c. 231, § 60B] at issue here."  Feinstein v. Massachusetts General Hosp., 643 F.2d 880, 885 (1981).  "[R]efusing to

apply the Massachusetts medical malpractice statute in the federal courts would undercut Massachusetts' efforts to remedy the insurance crisis that prompted passage of the statute, a result that is inconsistent with the principles of federalism underlying the Rules of Decision Act and the Erie decision." Id. at 887, citing Erie Railroad v. Tompkins, 304 U.S. 64, 78-80 (1938).

WHEREFORE, the defendant, James Todd, M.D. respectfully requests that this Court grant the instant motion to dismiss the plaintiff's complaint with prejudice, and with entry of final judgment in this matter, along with such other and further relief as this Court may deem just and proper.

Respectfully Submitted,
The Defendant,
James Todd, M.D.
By his attorneys,

/s Holly L. Parks
Douglas A. Morgan, BBO #557653
Holly L. Parks, BBO #647273
RINDLER · MORGAN, P.C.
133 Portland Street, Suite 500
Boston, MA  02114-1728
 (617) 973-0660

Dated: September 1, 2005